IN THE UNITED STATES DISTRICRT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-211 |
| | ) | Civil No. 22-1148 |
| WILLIAM KAETZ | ) | |

MOTION TO DISMISS

On August 6, 2022, Movant Kaetz filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Crim. No. 21-211, ECF No. 106. On June 29, 2023, the Court filed a memorandum order denying the motion. *Id.,* ECF No. 167. The Court also filed a memorandum order denying a certificate of appealability. *Id.,* ECF No. 169; Civil No. 22-1148, ECF No. 56.

Without proof of obtaining a certificate of appealability from a panel of United States Court of Appeals for the Third Circuit, Kaetz has filed another § 2255 motion, albeit under the guise of Fed. R. Civ. P. 60(b)(2), (b)(3), (b)(6) and (d)(3), attacking the validity of his conviction and sentence. Civil No. 22-1148, ECF No. 110. For the reasons set forth below, the motion should be dismissed with prejudice.

**I.    The motion is untimely under Fed. R. Civ. P. 60(b)**

Motions filed pursuant to Rule 60(b)(2) and (b)(3) have to be filed within a year of entry of judgment. Fed. R. Civ. P. 60(c). The denial of Kaetz's motion to vacate occurred on June 29, 2023; the order denying Kaetz's various motions for

1

relief was entered on April 1, 2024; and the Court denied his motion to set aside judgment on April 3, 2024. Civil No. 22-1148, ECF Nos. 45, 79, and 88. The instant motion was filed on October 12, 2025, and his motion is untimely under the rule. Motions made pursuant to Fed. R. Civ. P. 60(b)(6) and (d)(3) have to be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Kaetz, as the moving party, bears of the burden of explaining his delay in filing the claims under Rules 60(b)(6) and (d)(3), and aside from self-serving declarations, he offers none. *Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1998).

What is reasonable is case specific and a determination of reasonableness depends on factors such as "finality, the reason for delay, the practical ability of the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *In Re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010). In turn, "[m]otions under the rule based on fraud, mistake, or newly discovered evidence must be filed within a year of the entry of judgment, and the Third Circuit has in turn found that a delay as short as a year can be sufficient to render Rule 60 motions filed pursuant to the other subsections of the rule untimely where the interests of finality and the potential for prejudice so warrant." *Aksal v. United States*, 2020 WL 57875, at *3 (D.N.J. Jan. 6, 2020). Here, the passage of time—approximately 18 months—establishes that the motion is not reasonably timely. *Id*. (motion filed 16 months after judgment was

unreasonable). Additionally, the motion is concerned with the validity of the underlying criminal conviction, and "the strong interest in finality" in criminal matters also supports a finding of unreasonableness. *Id*.

## II.    The Court should construe the motion a § 2255 motion and dismiss it

Federal criminals get one bite at the collateral-review apple and Kaetz had his. To avoid the proscription against second or successive § 2255 motions, movants may try to resort to the Federal Rules of Civil Procedure or one of the common law writs such coram nobis. *See, e.g., Jiminez v. United States*, 2009 WL 3837401, at *1 (E.D. Pa. Nov. 12, 2009). Nonetheless, the label Kaetz affixes to the instant pleading is irrelevant. What matters is the relief sought. *United States v. Askew*, 2012 WL 2149805, at *3 (W.D. Pa. June 13, 2012).

Here, the relief sought by Kaetz—vacatur of his "conviction with innocence declaration/certificate," ECF No. 110-1 at 5—relates directly to his criminal conviction and the Court's sentence. Given this, the instant pleading is a thinly disguised § 2255 motion. *See Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) (holding that "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition"); *United States v. Andrews*, 463 F. App'x 169, 171 (3d Cir. 2012). And since Kaetz previously filed a § 2255 motion, he cannot file another one with seeking permission from the Third Circuit. *See, e.g., Benchoff v. Colleran*, 404 F.3d

3

812, 816 (3d Cir. 2005) (describing process). Kaetz has not provided the Court with any proof that he has received such authorization from the Third Circuit, and the motion must be dismissed as an unauthorized second or successive § 2255 motion. *See, e.g., United States v. Morris*, 2017 WL 620819, at *2 (M.D. Pa. Feb. 15, 2017) (holding that, without a certificate of appealability, court lacked jurisdiction over second or successive § 2255 motion).

With respect to Kaetz's remaining claims for relief—$86.4 million in damages; a declaration that the United States Department of Education is unconstitutional; and a permanent injunction against the enforcement of 11 U.S.C. § 523(a)(8)—Kaetz has not made a sufficient showing that the Court has subject-matter jurisdiction over such matters. ECF No. 110 at 5. "Federal courts are of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under § 2255, jurisdiction extends to challenges to the validity of a movant's conviction and sentence. *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012). And while Fed. R. Civ. P. 60(b) permits relief from a final judgment, it does not authorize relief from all judgments, *Kemp v. United States*, 596 U.S. 528, 533 (2022), and Kaetz's remaining claims for relief do not stem from his criminal conviction in this case.

WHEREFORE, for the foregoing reasons, Katez's motion should be dismissed.

Respectfully submitted,

TROY RIVETTI
ACTING UNITED STATES ATTORNEY

/S/MICHAEL L. IVORY
Michael L. Ivory
Assistant U.S. Attorney
United States Courthouse
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
PA ID No. 59296